# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ LARA,<br><br>                  Plaintiff,<br><br>     v.<br><br>DNC PARKS & RESORTS AT TENAYA,<br>INC., ALSO KNOWN AS TENAYA<br>LODGE AT YOSEMITE,<br><br>                  Defendant. | Case No. 1:14-CV-000103-LJO-SAB<br><br>MEMORANDUM ORDER GRANTING IN<br>PART AND DENYING IN PART<br>DEFENDANT'S MOTION FOR SUMMARY<br>JUDGMENT.<br><br><br>(Doc. 11) |

Before the Court in the above-styled and numbered cause of action is Defendant DNC Parks & Resorts at Tenaya, Inc.'s ("Defendant," "Tenaya Lodge," or "the company") Motion for Summary Judgment, filed June 5, 2017 (Doc. 9). Plaintiff Beatriz Lara's ("Plaintiff" or "Lara") filed her Opposition on June 24, 2015 (Doc. 12), and Defendant filed a reply on July 1, 2015 (Doc. 15). The matter is appropriate for resolution without oral argument. *See* Local Rule 230(g). Having considered the instant record, the parties' briefing, and the relevant law, the Court will grant Defendant's motion.

## BACKGROUND

This suit is a disability discrimination case stemming from Plaintiff's termination from her employment at Tenaya Lodge. *See generally* Complaint ("Compl."); *see also* UMF ¶ 1.

Plaintiff's Initial Job Assignment

In August 2004, Plaintiff joined Delaware North as a deli cashier at Tenaya Lodge. UMF ¶ 1. As a deli cashier, Plaintiff opened and closed the deli, provided counter and table service, worked the cash register, took phone orders, made coffee, sandwiches and milkshakes, swept, mopped, restocked beverages, candy bars and chips, took orders for sandwiches, and assisted with menu planning. UMF ¶ 2. The physical requirements of the position of deli cashier included standing and walking for long periods of time, bending, twisting and reaching, lifting up to twenty-five pounds, and using stairways frequently. UMF ¶ 3. When Plaintiff worked in the deli, she stood the whole time. UMF ¶ 4.

Plaintiff received and reviewed a copy of the Tenaya Lodge employee handbook when she began her employment. UMF ¶ 5. During Plaintiff's employment, Tenaya Lodge's "Reasonable Accommodations" policy informed employees and applicants that they should request an accommodation if they had a disability that required it. UMF ¶ 6. During Plaintiff's employment, the Company's Reasonable Accommodations policy stated that once a request is made, Tenaya Lodge will engage in the interactive process with the employee to determine if there is a reasonable accommodation that will permit the employee to continue to perform the essential functions of the employee's position. UMF ¶ 7.

Plaintiff's First Injury

While working as a deli cashier, at some point after her hire date but prior to mid-2009, Plaintiff suffered a partial tear of her Achilles tendon while lifting cases at work. UMF ¶ 8. As a result of the partial tear of her Achilles tendon, Plaintiff missed work. UMF ¶ 9. When she returned to work, Plaintiff was given work restrictions by her physician. UMF ¶ 10. Tenaya Lodge accommodated her restrictions. UMF ¶ 11.

Plaintiff's Second Injury

In September 2009, Plaintiff again injured herself at work. UMF ¶ 12. When Plaintiff was carrying cases of water she twisted to put the cases on a cart and injured her knee. UMF ¶ 13. Plaintiff worked the rest of her shift that day. UMF ¶ 14. She came to work the next day, but the manager on duty wrote a report and Plaintiff left work to go to the emergency room where she was

2

given a shot for pain, a Velcro cast, and crutches. UMF ¶¶ 14, 15. Plaintiff was subsequently advised to rest and participate in physical therapy. UMF ¶ 16. As a result of the September 2009 injury, Plaintiff was out of work on an approved leave for approximately one year. UMF ¶ 17.

<u>2010: Spa Attendant with Restrictions</u>

In March 2010, Lara attempted to return to work. UMF ¶ 18. At that time, Lara's physician restricted her from repetitive bending, squatting, prolonged standing and heavy lifting. UMF ¶ 19. Plaintiff was not able to work in the deli with these restrictions, so she was offered a modified spa attendant position, which she accepted. UMF ¶ 20.

Lara's duties as a spa attendant included folding napkins and towels, maintaining and cleaning the spa, lifting hampers, assisting with setting up massage tables, and filling water jugs. UMF ¶ 21. Within her restrictions, Lara was able to perform the duties of the spa attendant, except those that required lifting and pushing heavy bins. UMF ¶ 22.

Connie Beauregard ("Beauregard"), the Company's Director of Human Resources, worked with Lara to manage her modified duty and leaves of absence. UMF ¶ 50. Lara spoke with Beauregard about her inability to push and lift heavy bins. UMF ¶ 23. In response, Beauregard advised Lara to avoid doing so. UMF ¶ 24. Beauregard spoke with Lara's supervisor to ensure that the work assigned to Lara conformed to her work restrictions. UMF ¶ 25.

<u>Plaintiff's Third Injury</u>

Not long after returning to work and being accommodated through work in the spa attendant position, Plaintiff's physician determined that in addition to her knee injury, Lara had developed an injury to her hip and lower back. UMF ¶ 26. An MRI revealed that she had two bulging discs, for which Plaintiff was prescribed acupuncture and physical therapy. UMF ¶ 27. Based on all of these injuries, Plaintiff's physician placed her on a leave of absence. UMF ¶ 28.

Soon after, Plaintiff underwent arthroscopic surgery to remove fluid from her knee. UMF ¶ 29. She was placed on a six-week course of physical therapy. UMF ¶ 30. Following the surgery and physical therapy, Plaintiff was still unable to stand and walk normally because of the injury to her hip and lower back. UMF ¶ 31.

//

Post-Injury Attempt to Return to Work

At some point in early 2010, after being off work for approximately six months, Plaintiff contacted Tenaya Lodge to return to work. UMF ¶ 32. Plaintiff called and talked to Rita Verdugo, the company's Human Resources Manager, who advised Plaintiff that the modified spa attendant position was no longer available, and that she would inquire about other positions for Plaintiff. UMF ¶ 33. Nancy Rudd, the company's Human Resources Assistant, came up with the idea of offering Plaintiff the telephone operator position. UMF ¶ 35. Telephone operator was a sitting position that Plaintiff could have performed within her restrictions. UMF ¶ 36. As the special modified spa attendant position had been eliminated, Tenaya Lodge offered Plaintiff a position as a telephone operator in May 2010. UMF ¶ 34. Plaintiff turned down the telephone operator position because she stated she could not drive to Tenaya Lodge to perform the job. UMF ¶ 37.

2010 Correspondence

On August 2, 2010, Tenaya Lodge sent a letter to Plaintiff noting that she had made the Company aware that she required accommodations, and requested information from her physician regarding her disability and necessary accommodations. UMF ¶ 38. On August 10, 2010, Plaintiff replied that she was restricted by her physician from repetitive bending and walking, as well as squatting and kneeling. UMF ¶ 39. At that time, Plaintiff's physician noted that Plaintiff required a shift for which she could get a ride to work because she was unable to drive from her home to the Lodge. UMF ¶ 40. Plaintiff remained on leave. UMF ¶ 42.

2012 Correspondence

On July 19, 2012, Tenaya Lodge sent Plaintiff correspondence ("the July 2012 letter") which included a questionnaire for her physician to complete regarding her ability to return to work and/or her restrictions. UMF ¶ 41. The July 2012 letter noted that Plaintiff had been on leave more than twenty-six weeks, which was the maximum allowed under the Company's leave of absence policy, and informed Plaintiff that Tenaya Lodge could not provide her with an indefinite leave of absence. UMF ¶ 42. The July 2012 letter further stated that Plaintiff had not submitted a release from her physician to return to work, or any information regarding necessary accommodations for

4

her to successfully return to work. UMF ¶ 43. The Company asked Plaintiff to return the questionnaire with that information by August 9, 2012. UMF ¶ 44.

In response to this request, Plaintiff submitted the questionnaire completed by a nurse practitioner of her treating physician. UMF ¶ 45. The nurse practitioner stated that Plaintiff was not cleared to return to work, and would be reevaluated every 4-6 weeks to determine whether she could return to work with any type of modifications. UMF ¶ 46.

Employment Termination

On October 3, 2012, Plaintiff was advised that her employment was being terminated because she had not been cleared by her physician to return to work and she had been on a leave of absence for more than twenty-six weeks, which was the maximum time allowed under company policy. UMF ¶ 47. Tenaya Lodge instructed Plaintiff to contact them if she was cleared to return to work, with or without necessary accommodations, to discuss reemployment. UMF ¶ 48. From the time Plaintiff injured her knee in 2009, until she was terminated in 2012, she worked a total of less than six months. UMF ¶ 49.

Procedural History

Plaintiff filed suit on January 23, 2014 (Doc. 1), invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over the remaining common law and state law claims pursuant to 28 U.S.C. § 1367.  By her Complaint, she alleges five causes of action: (1) disability discrimination in violations of FEHA § 12940(a); (2) failure to take reasonable steps to prevent discrimination in violation of FEHA § 12940(k); (3) failure to make reasonable accommodation in violation of FEHA § 12940(m); (4) failure to engage in the interactive process in violation of FEHA § 12940(n); and, (5) wrongful termination in violation of public policy.

Defendant's summary judgment motion (Doc. 11) is now ripe for review.

**LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the

5

movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).[1] A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party." *Id.* Federal courts sitting in diversity "apply state substantive law and federal procedural law." *Snead v. Metro. Prop. & Cas. Ins. Co.,* 237 F.3d 1080, 1090 (9th Cir. 2001) (internal quotation marks omitted) (citing *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 426 (1996)).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." *Soremekun,* 509 F.3d at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex,* 477 U.S. at 323).

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik,* 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929; *see also Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its

---

[1] All subsequent references to "Rules" refer to the Federal Rules of Civil Procedure.

opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted)."Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence," *Soremekun,* 509 F.3d at 984, because that remains the province of the jury or fact finder. *See Anderson,* 477 U.S. at 255. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines,* 602 F.Supp. 1224, 1244-45 (E.D.Cal. 1985), *aff'd,*810 F.2d 898 (9th Cir. 1987).

## DISCUSSION

Defendant asks the Court to grant its motion for summary judgment as to each of Plaintiff's five causes of action.

## I.    First Cause of Action: Discrimination on the Basis of Disability in violation of FEHA, Cal. Gov't Code § 12940(a)

Plaintiff's first cause of action is brought under California's Fair Employment and Housing Act ("FEHA"), section 12940(a), which provides that it is an "unlawful employment practice" for an employer because of physical disability or medical condition "to discharge the person from employment" or "discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a).

California courts use the *McDonnell Douglas* three-part burden-shifting test when analyzing discrimination claims under FEHA. *Earl v. Nielsen Media Research, Inc.,* 658 F.3d 1108, 1112 (9th Cir. 2011) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and *Guz v. Bechtel Nat'l, Inc.,* 24 Cal. 4th 317 (2000)); *see, e.g., Sandell v. Taylor-Lustig, Inc.*, 188 Cal.App.4th 297, 307 (2010); *Nielsen v. Trofholz Technologies, Inc.*, 750 F.Supp.2d 1157, 1164 (E.D. Cal. 2010), aff'd, 470 Fed.Appx. 647 (9th Cir. 2012).

//

7

1    "Under the three-part *McDonnell Douglas* test, the plaintiff bears the initial burden of

2    establishing a prima facie case of employment discrimination"; then, once the plaintiff has done so,

3    "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its

4    actions." *Earl,* 658 F.3d at 1112 (citing *McDonnell Douglas*, 411 U.S. at 802-804). In the third

5    stage, if the employer "articulates a legitimate reason, the plaintiff must raise a triable issue that the

6    employer's proffered reason is pretext for unlawful discrimination," but the "ultimate burden of

7    persuasion remains with the plaintiff." *Id.*

8    Where, like here, an employer moves for summary judgment, "the burden is reversed . . .

9    because the defendant who seeks summary judgment bears the initial burden." *Lawler v. Montblanc*

10   *N. Am., LLC*, 704 F.3d 1235, 1242-43 (9th Cir. 2013) (quoting *Dep't of Fair Employment & Hous.*

11   *v. Lucent Technologies, Inc.*, 642 F.3d 728, 745 (9th Cir. 2011) (quotation omitted). In other words,

12   "[t]o prevail on summary judgment, [the employer is] required to show either that (1) plaintiff

13   could not establish one of the elements of [the] FEHA claim or (2) there was a legitimate,

14   nondiscriminatory reason for its decision to terminate plaintiff's employment." *Lucent*

15   *Technologies, Inc.*, 642 F.3d at 745 (quotation omitted) (alterations in original). If successful, the

16   burden shifts back to the employee who must demonstrate either "that the defendant's showing was

17   in fact insufficient or . . . that there was a triable issue of fact material to the defendant's showing."

18   *Id.* at 746 (quotation omitted) (omission in original).

19   Here, Tenaya Lodge argues that Lara cannot establish a *prima facie* case of disability

20   discrimination under the FEHA because she is not a qualified individual. Further, even if Plaintiff is

21   qualified to work as a deli cashier, spa attendant, or PBX operator, Tenaya Lodge contends that her

22   disability was not a substantial factor in an adverse employment action because, based on her

23   excessive leave undisputedly in violation of company policy, the Company has a legitimate,

24   nondiscriminatory reason for terminating her employment with no evidence of pretext.

25   **A.  Whether Plaintiff Fails to Demonstrate a *Prima Facie* Case of Discrimination**

26   To show a *prima facie* case of disability discrimination under FEHA, a plaintiff must show

27   that: (1) she is a disabled person within the meaning of the statute; (2) she suffered an adverse

28   employment action, such as termination; (3) she was performing competently in the position she

held; and (4) some other circumstances that suggest a discriminatory motive. *Zeinali v. Raytheon Co.,* 636 F.3d 544, 552 (9th Cir. 2011) (citing *Guz,* 24 Cal. 4th at 355); *see also Maharaj v. California Bank & Trust*, 909 F. Supp. 2d 1198, 1203 (E.D. Cal. 2012) (citing *Hutton v. Elf Atochem N. Am., Inc.,* 273 F.3d 884, 892 (9th Cir. 2001)); *see also Lui v. City & Cnty. of San Francisco,* 211 Cal.App.4th 962, 970 (2012) (requiring a Plaintiff establish the following for a FEHA claim: "(1) that he or she was discharged because of [her] disability, and (2) that he or she could perform the essential functions of the job with or without accommodation (in the parlance of the [ADA], that he or she is a qualified individual . . . )").

### 1.   Disability

Defendant does not disagree that Plaintiff suffered from a disability, which she claims includes back and knee injuries that in 2010 restricted her from driving, repetitive bending and walking, as well as squatting and kneeling, and which entirely precluded her from working in 2012. *See* Cal. Gov't Code § 12926(m)(1) (a person has a physical disability if, among other things, she has a physiological condition that both affects a listed body system, including musculoskeletal, and limits a major life activity); *see also* § 12926(m)(4) (a person may also have a physical disability under FEHA if she is "regarded or treated by the employer [. . .] as having, or having had, any physical condition that makes achievement of a major life activity difficult.").

### 2.   Adverse Employment Action

The parties do not dispute that Delaware North terminated Plaintiff's employment on October 3, 2012. Termination qualifies as an adverse employment action. *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000).

### 3.   Qualified Individual

Defendant asserts that Lara fails to establish a *prima facie* case of disability discrimination because, at the time of her termination in 2012, she was not a "qualified individual" as she concedes she was not able to perform the essential functions of her prior positions with the Lodge.

Plaintiff contends that her argument is bolstered because the parties do not dispute whether when Tenaya Lodge offered Lara the PBX operator position, in 2010, she could have performed the job, with or without accommodation. The essential duties of each of her previous positions at

Tenaya Lodge are undisputed; each requires the employee's physical presence. Lara testified that in both her role as a deli cashier and as a spa attendant she was required to perform essential duties at the Lodge, such as operating the deli cash register or folding towels in the spa. Plaintiff offers no evidence to challenge the evidence that the essential duties of a Tenaya Lodge operator included answering phones at that location.

California state courts analyze whether an employee is competently performing a position by determining whether she can perform the "essential duties" of her position with or without reasonable accommodation. *See Green v. State*, 42 Cal. 4th 254 (2007). In *Green,* the California Supreme Court held that:

> by its terms, section 12940 makes it clear that drawing distinctions on the basis of physical or mental disability is not forbidden discrimination *in itself.* Rather, drawing these distinctions is prohibited *only if* the adverse employment action occurs because of a disability *and* the disability would not prevent the employee from performing the essential duties of the job, at least not with reasonable accommodation. Therefore, in order to establish that a defendant employer has discriminated on the basis of disability in violation of FEHA, the plaintiff employee bears the burden of proving he or she was able to do the job, with or without reasonable accommodation.

*Id.* at 123 (emphases in original); *see also* § 12940(a)(1).

Plaintiff emphasizes Tenaya Lodge's historical conduct between 2008 and 2010. Yet she does not dispute the date of her termination in October 2012, subsequent to Tenaya Lodge learning in correspondence that her health care provider had not cleared her to work. UMF ¶ 47. Thus, rather than proceed with the myopic review Plaintiff suggests, the Court's focus must include evidence from the relevant period in 2012. With that wider lens, the evidence indicates that between 2010 and 2012 Plaintiff's condition declined. In 2010 Lara was once apparently cleared to work and may have been a qualified individual at that time. In contrast, Plaintiff's testimony is that by August 2012 she was not cleared to work, with or without restrictions. UMF ¶ 45, 46.  Plaintiff does not challenge, dispute, or otherwise counter the plain record evidence, nor does she otherwise offer factual support to demonstrate that she could perform the essential duties of the subject jobs at the time of her termination in 2012. Therefore it is undisputedly Lara's admission that by 2012, her disability made it presently impossible for her to fulfill the duties of any of her previous jobs.

The Court finds that by offering Lara's testimony that her disability prevented her from performing any work, Defendant has shown that Plaintiff cannot perform the essential functions of any of her previous positions. *See Lawler*, 704 F.3d at 1243. Plaintiff otherwise offers no evidence to establish that she was a qualified individual and thus fails to show a *prima facie* case of discrimination. The Court concludes that no genuine triable issue of fact persists on this issue.

## B.  Whether a Legitimate, Nondiscriminatory Reason Exists for Employer's Actions

Because Defendant meets the first part of the disjunctive test by demonstrating that Plaintiff fails to show a *prima facie* case of discrimination, the Court need not reach subsequent elements. *Lucent Technologies, Inc.*, 642 F.3d at 745 ("[t]o prevail on summary judgment, [the employer is] required to show *either* that (1) plaintiff could not establish one of the elements of [the] FEHA claim *or* (2) there was a legitimate, nondiscriminatory reason for its decision to terminate plaintiff's employment") (quotation omitted) (emphasis added).

But even assuming, *arguendo*, that Plaintiff could succeed in such a showing, Defendant argues that her first cause of action cannot survive summary judgment because the company had a legitimate, nondiscriminatory reason for terminating her employment.

Legitimate reasons are those that are "facially unrelated to prohibited bias, and which, if true, would thus preclude a finding of discrimination." *Guz*, 24 Cal. 4th at 358. The "true reasons need not necessarily have been wise or correct"—the ultimate issue is whether the employer honestly believes in the reasons offered. *Id*. Defendant is correct that an "employer may discharge … a person who, because of a disability or medical condition, is unable to perform his or her essential duties even with reasonable accommodation." *Ross v. Raging-Wire Telcom. Inc.*, 42 Cal. 4th 920, 925-26 (2008).

Tenaya Lodge asserts three reasons for Plaintiff's discharge. First, Plaintiff was dismissed because at the time of her dismissal she was unable to perform the essential functions of her position, with or without accommodation; second, she had exhausted all forms of leave available and was in violation of company policy; and, finally, she did not provide clearance from her physician to return to work and had no indication of when she might be able to return to work. As Defendant offers Plaintiff's testimony confirming these facts, there can be no dispute. The Court

concludes that Defendant had a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. The burden therefore shifts to the Plaintiff.

### C. Pretext

To survive summary judgment, the employee must show that a genuine issue of material fact exists as to the employer's showing, or that it was somehow insufficient. *Lucent Technologies, Inc.*, 642 F.3d at 746.

Lara argues that Defendant's alleged conduct in 2009 and 2010 indicates a disability bias such that it satisfies her burden to show that her disability was a substantial factor in her termination. This argument is unavailing. Not only was she not terminated in those years, for any reason, the argument does not remove Plaintiff's burden to show she was able to do the job, with or without accommodation. *Green*, 42 Cal. 4th at 262; *see also Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1482 (9th Cir. 1996) (holding employee who was "totally disabled" could not present any "genuine issue that she could have performed her job with the proposed, or any other, accommodation" under the Americans with Disabilities Act). Such facts may support her third cause of action – that Tenaya Lodge failed to provide reasonable accommodation – but the paucity of temporally-removed circumstantial facts about alleged bias do nothing to shed light on her ability to functionally perform on the job. Plaintiff cannot now demonstrate that Defendant's showing is insufficient because she cannot offer new testimony about her clearance to work in 2012 without contradicting her prior testimony that she lacked such clearance. Therefore, no genuine issue of material exists on the issue.

The Court finds that there is no genuine dispute that during the relevant period Plaintiff was not a qualified individual, and thus fails to meet her burden to demonstrate a *prima facie* case of disability discrimination. As Plaintiff cannot make a showing of insufficiency, the Court concludes that Defendant has met its burden and prevails on summary judgment on the first cause of action.

## II. Claim II: Failure to Take Reasonable Steps to Prevent Discrimination in Violation of FEHA, Cal. Gov't Code § 12940(k)

Under FEHA, employers have an affirmative duty to take all reasonable steps necessary to prevent discrimination from occurring in the workplace. Cal. Gov't Code § 12940(k). Plaintiffs

who show that they have suffered discrimination in violation of FEHA can thereafter also bring suit alleging that the employer failed to meet its affirmative duty to prevent discrimination from occurring. To state a claim under Section 12940(k), a plaintiff must show that:

> (1) He was subjected to discrimination, harassment or retaliation; (2) defendant has failed to take all reasonable steps to prevent discrimination, harassment, or retaliation; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm.

*Leleand v. City & Cnty. of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008).

However, no suit may be maintained for violation of this affirmative duty if the plaintiff has not actually suffered any employment discrimination or harassment. *Trujillo v. North County Transit Dist.,* 63 Cal.App.4th 280, 288-89 (1998); *see, e.g., Suhovy v. Sara Lee Corp.*, No. 1:12-CV-01889-LJO-GS, 2014 WL 1400824, at *7 (E.D. Cal. Apr. 10, 2014); *Cozzi v. Cnty. of Marin*, 787 F.Supp.2d 1047, 1073 (N.D.Cal. 2011); *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1193-94 (C.D. Cal. 2013). As the Court has established, *supra*, that Plaintiff has no viable claim of discrimination, the Court will grant Defendant's motion as to this cause of action. *Id.*, 63 Cal.App.4th at 284 ("There's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen[.]").

## III.   Third Cause of Action: Failure to Accommodate Disability and/or Medical Condition in Violation of FEHA, Cal. Gov't Code § 12940(m)

Defendant first argues that it is entitled to summary adjudication because Plaintiff cannot prove she was a "qualified individual," thus her claim for failure to accommodate necessarily fails. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing 42 U.S.C. § 12111(8)). Further, even if she could be considered a qualified individual, Defendant asks the Court to grant the motion in its favor on this action because Plaintiff admits that Tenaya Lodge granted her requests for modified positions and medical leave, thus there is no basis for the claim.

The parties do not dispute that Plaintiff is considered disabled for the subject period. The Court found, *supra*, that there is no genuine dispute of fact that Plaintiff was not a qualified individual in 2012. However, there is no inconsistency to say that an individual is not a qualified individual, but once was. *See cf. Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 957 (9th Cir. 2013).

The elements of a failure to accommodate claim are "(1) the plaintiff has a disability under FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability." *McCarthy v. R.J. Reynolds Tobacco Co.,* 819 F.Supp.2d 923 (E.D.Cal. 2011) (citing *Scotch v. Art Inst. of California-Orange Cnty., Inc.*, 173 Cal. App. 4th 986, 1009-10 (2009)).

A "reasonable accommodation" is "a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired." *Scotch,* 173 Cal. App. 4th at 1010 (internal quotation marks omitted). An employer must make a reasonable accommodation for a disabled employee "unless the employer can demonstrate that doing so would impose an 'undue hardship.'" *Spitzer v. The Good Guys, Inc.*, 80 Cal. App. 4th 1376, 1383 (2000) (citing Cal. Code Regs., tit. 2, § 7293.9 and *Sargent v. Litton Sys., Inc.*, 841 F. Supp. 956, 960 (N.D. Cal. 1994)). While a reasonable accommodation "might include reassignment if a vacant position [is] open; the employer [is] not required . . . to create a new position." *Scotch,* 173 Cal. App. 4th at 1011. A proposed accommodation is "not reasonable" if "it is not a 'modification or adjustment to the workplace' necessary to enable [the plaintiff] to perform the essential functions of his position." *Id.* at 1012; *see Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 977 (2008) ("[A]n employee's ability to perform the essential functions of a job is a prerequisite to liability under section 12940(m)").

### A.  First Request for Accommodation

Plaintiff's opposition to the summary judgment references various scenarios as the factual predicate of this claim. As to the first of the factual bases of Plaintiff's third cause of action, Plaintiff asserts that Defendant did not accommodate her first injury, but offers no substantive support, and meanwhile admits that as a result of this first injury she asked for and was granted a medical leave. The parties agree that after Plaintiff's first injury in September 2009, Plaintiff requested accommodation and Defendant granted her a finite leave. UMF ¶¶ 11, 17. A leave of absence of limited duration is a reasonable accommodation. *See, e.g., Lucent Technologies, Inc.*, 642 F.3d at 744 (quoting *Hanson v. Lucky Stores, Inc.,* 74 Cal.App.4th 215 (1999) (holding that "a finite leave of absence has been considered to be a reasonable accommodation under ADA,

provided it is likely that following the leave the employee would be able to perform his or her duties")); *Dark v. Curry Cnty.*, 451 F.3d 1078, 1090 (9th Cir. 2006) (finding that "if it does not pose an undue hardship on the employer," unpaid medical leave may be a reasonable accommodation); *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869 (9th Cir. 1989) (employee justified in requesting a temporary leave as a reasonable accommodation).

As no issues of material fact persist for trial, summary judgment in favor of Defendant is warranted based on this factual predicate.

## B.  Second Request for Accommodation

Plaintiff asserts that when she sought to return to work after her first injury, Defendant failed to accommodate her because her deli supervisor declined her request for accommodation. UMF ¶ 20. Plaintiff would have liked a chair to sit while she worked the deli cashier job; she contends that Defendant's failure to allow her to perform the deli cashier job with access to a chair constitutes a failure to accommodate. However, under California law, Tenaya Lodge was not required to modify the deli cashier position as Plaintiff suggests. *See Lucent Technologies, Inc.*, 642 F.3d at 744 (providing that reasonable accommodation "does not require an employer to exempt an employee from performing essential functions or to reallocate essential functions to other employees") (quoting *Dark,* 451 F.3d at 1089). The undisputed evidence is that Plaintiff could not perform the essential duties of the deli cashier position while seated because it required standing at the cash register, making sandwiches and coffee, sweeping and mopping, restocking beverages, and taking orders.[2]

In addition, Plaintiff concedes that when she was unable to return to her position of deli cashier after a leave of absence, Tenaya Lodge offered Plaintiff a job reassignment to work in the spa, a job she could perform with restrictions such as avoiding heavy lifting. Plaintiff admits that

---

[2] Defendant does not dispute Plaintiff's account of the essential duties of a deli cashier at Tenaya Lodge. The job description, supported by an employee account, can be relied upon to establish the essential functions of the installer position, regardless of what Lara's individual experience in that position may have entailed. *See Lucent Technologies, Inc.*, 642 F.3d at 745 (citing *Dark.,* 451 F.3d at 1087 (providing that "consideration shall be given to the employer's judgment as to what functions of the job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job" (internal quotation marks omitted))).

she accepted the job reassignment, but asserts that the spa attendant position ultimately did not reasonably accommodate her disability because her supervisor added duties and ignored her restrictions. However, Plaintiff's testimony is that she took the issue to Beauregard, who, Plaintiff testified, acknowledged her restrictions and specifically directed Plaintiff to perform her duties within her restrictions, for example, to avoid heavy lifting. Plaintiff cannot retract or in retrospect offer a new explanation in contradiction to her prior sworn statement. *Cleveland*, 526 U.S. at 806. Plaintiff offers no competent evidence that actually challenges that Defendant accommodated her on this occasion by giving her a job reassignment which she could perform within her restrictions. Thus Plaintiff's argument reduces to the kind of bald assertion insufficient to put the material facts in dispute. *See Stefanchik,* 559 F.3d at 929 in original); *see also Matsushita,* 475 U.S. at 586. At bottom, by finding and offering a vacant position which Plaintiff could perform, with or without accommodation, the undisputed evidence shows that Defendant fulfilled its duty to provide a reasonable accommodation. *See* Cal. Govt. Code § 12926(n)(2) ([a] "reasonable accommodation" includes "reassignment to a vacant position"); Cal.Code Regs. tit. 2, § 7293.9(a)(2) (2006).

Accordingly, the Court concludes that there is no genuine issue of material fact that Defendant provided Plaintiff reasonable accommodation on this occasion, and summary judgment in favor of Defendant is warranted.

### C.  Whether an Offer for Job Reassignment Constitutes Reasonable Accommodation

Defendant asserts that the job reassignment offer, even without more, satisfies their obligation to provide reasonable accoomodation. Plaintiff argues that despite the offer, she would rather have had her former deli cashier position, modified so she could sit down while at work.

The Court finds that the undisputed record evidence is that in 2010 when Plaintiff sought to return to work, Tenaya Lodge offered her reassignment to a vacant position which she could perform, with or without accommodation. Plaintiff may not have liked the offered reassignment, but it is well-settled that a reasonable accommodation may include, but is not limited to, reassignment to a vacant position. *See* Cal. Govt.Code § 12926(n)(2); Cal.Code Regs. tit. 2, § 7293.9(a)(2) (2006). Plaintiff's complaint is based on her preference for one job over another or a specific kind of accommodation over another. Yet Defendant has no duty to provide Plaintiff her

16

specifically requested or preferred accommodation, rather, "the employer need only provide some reasonable accommodation." *U.S. E.E.O.C. v. UPS Supply Chain Solutions,* 620 F.3d 1103, 1110-11 (9th Cir. 2010) (quoting *Zivkovic v. S. Calif. Edison Co.,* 302 F.3d 1080, 1089 (9th Cir. 2002) (internal quotation marks omitted)).

Because Plaintiff admits that she was offered and refused this position, the Court concludes that the undisputed evidence "cannot support a finding" that Tenaya Lodge failed to provide Plaintiff with a reasonable accommodation on this occasion. *Lucent Technologies, Inc.*, 642 F.3d at 745. As Plaintiff agrees that the relevant occasion Tenaya Lodge offered Plaintiff reassignment to a vacant position with no implication of undue hardship,[3] the Court concludes that there is no genuine issue of material fact that on this occasion Defendant's conduct fulfilled its duty to provide reasonable accommodation. Accordingly, the Court GRANTS summary judgment in favor of Defendant as to this occasion.

### D.  Whether Declining a Job Reassignment for an Inability to Drive Constitutes a Request for Reasonable Accommodation

Defendant contends that it is entitled to summary judgment in its favor because it offered Plaintiff a job reassignment which she declined because she could not drive herself to work, but this offer for reassignment fulfilled its obligation to provide reasonable accommodation.

Courts have held that the duty to accommodate "is a 'continuing' duty that is 'not exhausted by one effort.'" *Humphrey v. Mem'l Hospitals Ass'n*, 239 F.3d 1128, 1137-38 (9th Cir. 2001) (quoting *McAlindin v. Cnty. of San Diego*, 192 F.3d 1226, 1237 (9th Cir. 1999) *opinion amended on denial of reh'g*, 201 F.3d 1211 (9th Cir. 2000)); *see also Cannice v. Norwest Bank Iowa N.A.,* 189 F.3d 723, 727 (8th Cir. 1999) (finding that once aware of a disability, the employer has the obligation to "make a reasonable effort to determine the appropriate accommodation"); *see also Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 315 (3d Cir. 1999) ("The interactive process, as its name implies, requires the employer to take some initiative."). Specifically, the EEOC Enforcement

---

[3] FEHA does not "require an accommodation that is demonstrated by the employer ... to produce undue hardship to its operation." Cal. Govt.Code § 12940(m). An accommodation produces undue hardship if it "requir[es] significant difficulty or expense," in light of a multi-factor test. *Id.* § 12926(s); Cal.Code. Regs. tit. 2, § 7293.9(b). Tenaya Lodge offers no evidence on undue hardship.

Guidance notes that "an employer must consider each request for reasonable accommodation," and that "[i]f a reasonable accommodation turns out to be ineffective and the employee with a disability remains unable to perform an essential function, the employer must consider whether there would be an alternative reasonable accommodation that would not pose an undue hardship." EEOC Enforcement Guidance on Reasonable Accommodation, at 7625.

Thus, Tenaya Lodge's first effort to offer a job reassignment does not necessarily remove its obligation to find a reasonable accommodation. A fact issue remains whether that initial effort, without more, is sufficient. Record evidence suggests that when Lara declined reassignment in 2010, Tenaya Lodge became aware that Lara could not drive herself to work, although the parties agree that she could otherwise perform the duties of the job and thus was a qualified individual. Plaintiff asserts that her disability compelled her stated reason for declining the job because pain from her injuries precluded her from driving the windy roads to Tenaya Lodge. The record evidence shows that Tenaya Lodge received similar information about Plaintiff's inability to drive from Plaintiff's doctor, who reported on a form given to the company that although Plaintiff could not drive, she would be able to return to work so long as her schedule allowed flexibility to work only those shifts which aligned with when she could find a ride.

The implicit argument is that Plaintiff's given reason for declining the job in 2010 should be treated as a new request for accommodation related to her commute, one which Defendant ignored. The parties do not dispute that of her previous jobs at Tenaya Lodge, as well as those which the Company offered as reassignment, each required Plaintiff's physical presence, as follows: (1) a Tenaya Lodge deli cashier tends the cash register and makes sandwiches at the deli counter located at Tenaya Lodge; (2) a Tenaya Lodge spa attendant attends to needs at the spa, such as cleaning the spa and folding towels; and, (3) a Tenaya Lodge PBX operator answers and operates the phones at Tenaya Lodge. Without accommodation for her inability to drive herself to Tenaya Lodge where her presence was physically required, Plaintiff would not be able to get to work and therefore could not perform essential functions of these jobs. As Plaintiff was a qualified individual at this point in 2010, this presents a fact issue whether alternative accommodations may have been workable, perhaps in the form of carpool coordination, commuting assistance, and/or a flexible schedule.

18

Assuming, *arguendo*, that Defendant should have interpreted Plaintiff's reasoning for declining the job as a new accommodation request about assistance commuting to work, the question becomes whether such a request constitutes a reasonable accommodation under FEHA. It could be. *See Wysinger v. Auto. Club of S. California*, 157 Cal. App. 4th 413, 426 (2007) (citing *Bagatti v. Dept. of Rehab.*, 97 Cal.App.4th 344, 369-370 (2002) (disabled employee's request that employer provide motorized transportation from parking lot to office not unreasonable); *Sargent v. Litton Systems, Inc.* (N.D.Cal. 1994) 841 F.Supp. 956, 961 (rejecting argument that employer had no duty under FEHA to accommodate disabled employee who experienced pain in driving to work). In *Wysinger v. Auto. Club of S. California*, a California appellate court found that, by telling the jury that it could not consider a plaintiff's commute in deciding reasonable workplace accommodations, the trial court erred. 157 Cal. App. 4th at 426. In light of *Wysinger*, it is at least possible that a trier of fact could find that, in some circumstances, a request for help commuting could be considered a "reasonable" request for accommodation.

But to determine whether (1) Tenaya Lodge's offer for job reassignment was sufficient; (2) Plaintiff's inability to drive provoked an obligation for Defendant to accommodate her with driving, commuting, or scheduling options; and, (3) if these options are "reasonable" or cause undue hardship, ultimately requires a measure of fact-finding. Whether a specific accommodation is "reasonable" and whether an employer engaged in a good faith interactive process with a disabled employee are traditional questions of fact. *See Ludovico v. Kaiser Permanente*, 57 F. Supp. 3d 1176, 1201 (N.D. Cal. 2014) (collecting cases); *see*, e.g., *E.E.O.C. v. Convergys Customer Mgmt. Group, Inc.,* 491 F.3d 790 (8th Cir. 2007) ("Whether an accommodation is reasonable is a question of fact to be decided by the jury."); *Poole v. Centennial Imports, Inc.,* No. 2:12–cv–00647–APG VCF, 2014 WL 2090810, at *7 (D.Nev. May 19, 2014) ("Whether [the employer] satisfied the statutory requirement of an interactive process is a question of fact for the jury.").

Therefore, the Court cannot say as a matter of law that Tenaya Lodge met its duty to provide reasonable accommodation in 2010 when Plaintiff was cleared for work, but declined because she could not drive. As genuine issues of material fact remain, summary judgment on this sliver of the claim is inappropriate.

### E.  Whether Denying Plaintiff Indefinite Medical Leave Constitutes a Failure to Accommodate

Defendant asserts that summary judgment in its favor is warranted because Plaintiff in 2012 was not a qualified individual and it has no duty to keep an employee on indefinite leave, exceeding statutory leave requirements, consistent with the company's employee-leave policy. Plaintiff argues that by terminating her instead of allowing her an indefinite medical leave, a genuine issue of material fact exists whether Defendant failed to accommodate her.

As to the circumstances in 2012 when Tenaya Lodge terminated her employ rather than allow additional leave, Plaintiff's argument fails because "if the employer does not know when the employee will be able to return to duty, the employer is not required to grant an indefinite and lengthy leave." *Norris v. Allied–Sysco Food Servs., Inc.,* 948 F.Supp. 1418, 1439 (N.D.Cal. 1996) (collecting cases), *aff'd sub nom. Norris v. Sysco Corp.,* 191 F.3d 1043 (9th Cir. 1999). Said another way, FEHA "does not require an employer to permit an employee to take an indefinite, lengthy, unpaid leave of absence." *Id.* It is undisputed that Plaintiff in 2012 was unable to perform the essential functions of the relevant jobs. Plaintiff concedes that at the time of her termination in 2012, her health care provider had not cleared her to work. And, although her health care provider would continue to monitor her, she had no expected time-frame within which she expected to be able to return to work. The record evidence shows that Plaintiff had been on extended leave since early 2010, a duration which violated Tenaya Lodge's company policy for a maximum of 26-weeks of employee leave. Moreover, Plaintiff offers no evidence that during this leave she requested different accommodation other than an unpaid medical leave. *See Ludovico*, 57 F. Supp. 3d at 1200-01 ("'In general . . . it is the responsibility of the individual with the disability to inform the employer that an accommodation is needed.'" (quoting 29 C.F.R. § 1630.9, App.)) (internal citation omitted). To the extent this action is based on this factual predicate, it cannot survive summary judgment because there is no reasonable accommodation for an employee who, even if provided accommodation, is incapable of performing the essential functions of a job. *See, e.g., Ross*, 42 Cal. 4th at 925-26. An employer may discharge such an employee. *Id.* There are no genuine issues of material fact for trial insofar as the circumstances at the time of Plaintiff's termination in 2012.

1    Accordingly, the Court GRANTS summary judgment in favor of Defendant.

2    **IV.    Failure to Engage in the Interactive Process in Violation of FEHA, Cal. Gov't Code §**
     **12940(n)**

3    Defendant asks that summary judgment be granted in its favor on this action because there

4

5    is no genuine issue of material fact and the record evidence cannot support Plaintiff's claim.

6    When an employee requests an accommodation for a disability, *or* the employer recognizes

7    the need for an accommodation, "an employer has a mandatory obligation to engage in the

8    interactive process." *Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1112 (9th Cir. 2000), *rev'd on other*

9    *grounds* 535 U.S. 391 (2002) (emphasis added). Once an employer becomes aware of the need for

10   accommodation, that employer has a mandatory obligation under the ADA to engage in an

11   interactive process with the employee to identify and implement appropriate reasonable

12   accommodations. *Barnett,* 228 F.3d at 1114. The interactive process requires communication and

13   good-faith exploration of possible accommodations between employers and individual employees,

14   and neither side can delay or obstruct the process. *Id.* at 1114-15; *Beck v. University of Wis. Bd. of*

15   *Regents,* 75 F.3d 1130, 1135 (7th Cir. 1996) ("A party that obstructs or delays the interactive

16   process is not acting in good faith. Accordingly, it requires "(1) direct communication between the

17   employee to explore in good faith the possible accommodations; (2) consideration of the

18   employee's request; and (3) offering an accommodation that is reasonable and effective." *Ludovico*,

19   57 F. Supp. 3d at 1199 (quoting *Zivkovic,* 302 F.3d at 1089). A party that fails to communicate, by

20   way of initiation or response, may also be acting in bad faith."). Employers who fail to engage in

21   the interactive process in good faith face liability for the remedies imposed by the statute if a

22   reasonable accommodation would have been possible. *Barnett,* 228 F.3d at 1116.

23   Despite Tenaya Lodge's initial undisputed effort in 2010 to find Lara a job reassignment, a

24   reasonable jury could conclude that Lara's given reason for declining the job is properly interpreted

25   as a new request for accommodation, even though it was not explicit. *Barnett,* 228 F.3d at 1112.

26   Lara has a right to reasonable accommodation, even if she did not explicitly ask for it. *See*

27   *Humphrey,* 239 F.3d at 1137. Taking this record evidence and possible inferences in the light most

28   favorable to Plaintiff, a jury could conclude that Tenaya Lodge recognized the need for an

21

accommodation in 2010 but subsequently failed to take the initiative to engage with Plaintiff through a good faith interactive process to determine whether any other reasonable accommodation would have allowed her to return to work. Alternatively, the same jury could determine that Tenaya Lodge was aware that the initial accommodation, an offer for reassignment to a PBX operator job, was failing and further accommodation was needed. And there is no evidence before the Court that, once Plaintiff declined the job, Tenaya Lodge otherwise engaged in a process to find any alternative reasonable accommodations for Plaintiff's driving or scheduling issues. Indeed, the evidence suggests that it was only much later, in 2012, that Tenaya Lodge initiated contact with Plaintiff through written correspondence. If the fact issues are so decided, Defendant's obligation to find a real, workable alternative is not necessarily fulfilled by its initial effort to offer job reassignment. *See Humphrey*, 239 F.3d at 1137-38 (in the context of reasonable accommodation, an employer's obligation is not necessarily fulfilled by one effort). Therefore, a jury could conclude that during Plaintiff's extended leave between 2010 and 2012 Tenaya Lodge failed to make the requisite reasonable effort when it apparently did not initiate a dialogue with Plaintiff about her limitations or prospects for returning to work in that period.

As material fact issues remain, the Court cannot conclude as a matter of law that Defendant met its statutory duty to engage in a good faith interactive process with Plaintiff in order to arrive at a reasonable accommodation for Plaintiff in 2010, when she was cleared to work. Accordingly, the Court will deny Defendant's motion for summary judgment as to Plaintiff's fourth cause of action, but only insofar as the claim is triggered by the circumstances in 2010.

## V.   Fifth Cause of Action: Wrongful Termination in Violation of Public Policy

Defendant contends that because this cause of action is coextensive with Plaintiff's failed first cause of action, the disability discrimination claim, no genuine issue of material fact exists as to Plaintiff's wrongful termination claim. Therefore, it likewise fails.

Under California common law, although "an at-will employee may be terminated for no reason, or for an arbitrary or irrational reason, there can be no right to terminate for an unlawful reason or a purpose that contravenes fundamental public policy." *Lucent Technologies, Inc.*, 642 F.3d at 748-49 (quoting *Silo v. CHW Med. Found.*, 27 Cal. 4th 1097, 1104 (2002) (internal

quotations omitted)). Nevertheless, "[t]his public policy exception to the at-will employment rule must be based on policies carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions." *Silo*, 27 Cal. 4th at 1104. (internal quotations omitted). The elements for this tort are (1) the existence of a public policy and (2) a nexus between the public policy and an employee's termination. *See Turner v. Anheuser-Busch, Inc.,* 7 Cal. 4th 1238, 1256 (1994). Here, Defendant is correct that although "disability discrimination can form the basis of a common law wrongful discharge claim," *Lucent Technologies, Inc.*, 642 F.3d at 748-49, there are no genuine issues of material fact remaining as to Lara's disability discrimination claim.

Accordingly, summary judgment on this claim in favor of Defendant is warranted.

## VI.     CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 11) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1) because Plaintiff fails to show a *prima facie* case of discrimination and no genuine issues of material fact persist for trial, Defendant's motion is **GRANTED** as to Plaintiffs' first cause of action; and,

2) as Plaintiff has no viable claim of discrimination, the motion is **GRANTED** as to Plaintiff's second cause of action; and,

3) because material disputes of fact remain for trial, the motion is **DENIED** as to Plaintiffs' third cause of action, but only insofar as the circumstances in 2010 when Plaintiff was cleared to work (section III(4), *supra*); however, because no genuine issues of material fact remain for trial, this claim is otherwise **GRANTED** as to the factual background described in section III(1-3, 5) because no genuine issues of material fact remain for trial; and,

4) the motion is also **DENIED** as to Plaintiff's fourth cause of action because genuine issues of material fact persist whether, after Plaintiff declined the offered job reassignment in 2010, Defendant failed to engage in the interactive process in violation of FEHA, Cal. Gov't Code 12940(n); however,

5) because no genuine issues of material fact remain relevant to Plaintiff's fifth cause of action, the motion is **GRANTED** as to this claim.

IT IS SO ORDERED.

Dated:   __July 16, 2015__                    ___/s/ Lawrence J. O'Neill___
                                              UNITED STATES DISTRICT JUDGE

6)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28